**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 1 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK STUART, DBA Save Our Preserve Political Action Committee of Scottsdale, DBA Save Our Preserve, Inc., an Individual and Chairman, | No. 21-15504 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01848-DJH |
| and | MEMORANDUM* |
| SAVE OUR PRESERVE, INC., an Arizona corporation on behalf of its members; MARGARET STUART, DBA Save Our Preserve Political Action Committee of Scottsdale, an Individual and Treasurer, | |
| Plaintiffs, | |
| v. | |
| CITY OF SCOTTSDALE, a Municipal Corporation and a political subdivision of the State of Arizona; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 17, 2022[]

Before:      CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Mark Stuart appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006). We affirm in part, reverse in part, and remand.

The district court properly dismissed Stuart's excessive force claim set forth in Count Three of the first amended complaint because Stuart failed to allege facts sufficient to show that defendant Cleary had used excessive force while handcuffing Stuart. *See Smith v. City of Hemet*, 394 F.3d 689, 700-04 (9th Cir. 2005) (standard for Fourth Amendment excessive force claim).

The district court properly dismissed the claims set forth in Counts One, Four, Six, Seven, and Eight of the first amended complaint because Stuart failed to comply with Rule 8. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8 requires the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (alteration in original, citation and internal

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

quotation marks omitted)); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (complaint does not comply with Rule 8 if "one cannot determine from the complaint who is being sued, for what relief, and on what theory").

The district court did not abuse its discretion by denying Stuart's motions to file his proposed second amended complaints because the proposed second amended complaints did not comply with the requirements of Rule 8. *See* Fed. R. Civ. P. 8(a), (d)(1); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1179-80 (9th Cir. 2011) (denial of motion for leave to amend reviewed for abuse of discretion; complaints that fail to comply with Rule 8 "impose unfair burdens on litigants and judges" who "cannot use [such] complaint[s]" and "must prepare outlines to determine who is being sued for what").

The district court determined that defendants Lane, Cleary, and Glenn were entitled to qualified immunity on Stuart's claim that these defendants interfered with protected First Amendment activity and wrongfully arrested him for exercising his First Amendment rights at the city council meeting on February 7, 2017, as alleged in Count Two of the first amended complaint. However, Stuart plausibly alleged that Lane imposed a restriction on Stuart's speech at the city council meeting that was not reasonable and viewpoint neutral. *See Norse v. City of Santa Cruz*, 629 F.3d 966, 975 (9th Cir. 2010) (city council meetings are limited public forums, and content-based regulations must be "viewpoint neutral and

3                                                                              21-15504

enforced that way"). Additionally, Stuart plausibly alleged that Cleary and Glenn handcuffed Stuart and ejected him from the city council meeting because of Stuart's valid exercise of his First Amendment rights during the public comment portion of the city council meeting. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1722-25 (2019) (a First Amendment claim for retaliatory arrest requires that a plaintiff show he was arrested without probable cause in retaliation for protected speech); *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011) (in a § 1983 claim for wrongful arrest "the two prongs of the qualified immunity analysis can be summarized as: (1) whether there was probable cause for the arrest; and (2) whether it is *reasonably arguable* that there was probable cause for arrest").

The district court dismissed Stuart's claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), set forth in Count Nine of the first amended complaint, because Stuart failed to allege facts sufficient to establish municipal liability. However, Stuart plausibly alleged that Lane had final policymaking authority for Scottsdale. Specifically, Stuart alleged that on February 7, 2017, during the public comment portion of the city council meeting, Lane instructed Stuart to stop speaking and ordered police officers Cleary and Glenn to remove Stuart from the meeting and the police officers obeyed his order. *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188-89 (9th Cir. 2002) (requirements for establishing whether an official had final policymaking authority for the purposes

4                                                              21-15504

of municipal liability); *see also Lytle v. Carl*, 382 F.3d 978, 982-83 (9th Cir. 2004) (regarding municipal liability, the term "policy" includes "a course of action tailored to a particular situation and not intended to control decisions in later situations" (citation, internal quotation marks, and emphasis omitted)).

In sum, we reverse the judgment on Counts Two and Nine of the first amended complaint and remand for further proceedings on these claims only, and affirm the judgment on all other claims.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Stuart's request for judicial notice (Docket Entry No. 27) is denied.

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**